UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREA MITCHELL WILKINSON,

                      Plaintiff,

   -v-                                               1:15-cv-1395

JIMM LEWIS, Albany Police Officer, in his Official
and Individual Capacity; JOSEPH LYNCH, Albany
Police Officer, in his Official and Individual
Capacity; and ANTHONY GERACI, Lieutenant, in
his Official and Individual Capacity,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MALONEY LAW GROUP PLLC<br>Attorney for Plaintiff<br>110 East 59th Street, Ste 3200<br>New York, NY 10022 | ANDREW G. MALONEY, ESQ. |
| OFFICE OF LANNY E. WALTER<br>Attorney for Plaintiff<br>301 Van Vlierden Road<br>Saugerties, NY 12477 | LANNY E. WALTER, ESQ. |
| OFFICE OF SUSAN K. PLONSKI<br>Attorney for Plaintiff<br>33 Perrines Bridge Road<br>Tillson, NY 12486 | SUSAN K. PLONSKI, ESQ. |
| THE REHFUSS LAW FIRM, P.C.<br>Attorneys for Defendants<br>40 British American Boulevard<br>Latham, NY 12110 | STEPHEN J. REHFUSS, ESQ.<br>ABIGAIL W. REHFUSS, ESQ. |

DAVID N. HURD
United States District Judge

## DECISION and ORDER

Plaintiff Andrea Mitchell Wilkinson ("plaintiff" or "Wilkinson") filed this civil rights action seeking compensatory and punitive damages for injuries she sustained on November 25, 2012, when several police officers forcibly arrested her and later prosecuted her for three charges stemming from the incident. Plaintiff's operative complaint asserts claims against three Albany Police Department officers: Police Officer Jimm Lewis, Police Officer Joseph Lynch, and Lieutenant Anthony Geraci (collectively "defendants"). Wilkinson asserts 42 U.S.C. § 1983 claims for false arrest, malicious prosecution, and excessive force against defendants in their official and individual capacities.

Four days before trial, plaintiff now moves by way of order to show cause to adjourn the impending trial which is currently scheduled for this Monday, June 18, 2018. An order was issued yesterday, June 14, directing the parties to appear here today and for the defendants to show cause as why the order should not be granted and the trial should not be adjourned. No responsive papers were required given the shortened timeframe. Oral argument was heard today, June 15, in Utica, New York.

The Court and parties are familiar with the scheduling issues in this matter. On February 5, 2018, a Memorandum-Decision and Order was issued favorable to plaintiff, denying defendants' motion for summary judgment. The § 1983 excessive force claim against defendant Lewis was also withdrawn and dismissed as part of that Order.

On February 6, a Text Order was issued scheduling a civil jury trial in this case for June 18, 2018, in Utica. In the meantime, the parties were thoroughly engaged with Magistrate Judge Daniel J. Stewart particularly as it related to Wilkinson's physical injuries

and her treating physician, Dr. Richard Whipple. Magistrate Judge Stewart granted numerous extensions of time on those matters.

On May 4, 2018, Stephen J. Rehfuss, Esq. (defendants' attorney) filed a letter requesting a telephone conference. The letter stated that defense expert, psychologist Dr. Jaclyn Bashkoff, would be unavailable during the upcoming trial and defendants sought to obtain her videotaped deposition to be used at trial but that plaintiff opposed. The following day, Lanny E. Walter, Esq. (plaintiff's attorney) reiterated his position opposing the videotaped deposition. A telephone conference was scheduled for May 9.

On May 9, the parties appeared by phone; Attorney Walter for plaintiff and Attorney Rehfuss for defendants. Attorney Rehfuss advised that Dr. Bashkoff was scheduled to be out of the country on a cruise the week of trial. Attorney Walter explained it would not be feasible to both prepare and conduct the deposition of Dr. Bashkoff while also preparing for trial including drafting pre-trial submissions due on June 1. Upon inquiry and reminder that the trial date was set over three months prior, defendants' attorney conceded that he should have confirmed Dr. Bashkoff's trial availability sooner than he did. Given the competing interests, the Court offered to move the trial up to June 5, 2018 so that Dr. Bashkoff could testify live at trial. The parties agreed.

A very short time later that afternoon, plaintiff's attorney filed a letter explaining that he had a personal conflict the week of June 5 and that after further discussion, both he and Attorney Rehfuss preferred to keep the June 18 trial date and that they would confer to find a mutually agreeable date to videotape Dr. Bashkoff's testimony. Pre-trial submissions remained due on June 1 and trial was re-set for the original trial date of June 18, 2018.

On May 30, plaintiff's attorney moved by letter motion to adjourn the June 18 trial date. Attorney Walter advised that several issues had arisen regarding the testimony of Wilkinson's treating physician Dr. Whipple (for her physical injuries; Dr. Bradley Biggs is set to testify as plaintiff's treating physician regarding her mental health impact). Due to these developments, plaintiff's attorney sought to retain an expert witness (who did not treat her) and accordingly requested an adjournment to allow for the production of an expert report or an opportunity to testify by deposition. Attorney Walter's request was denied the same day.

Pre-trial submissions were due and largely received on June 1. Notably, Wilkinson's witness list included Dr. Whipple, as her treating physician, who was set to "testify about Plaintiff's injury, the cause of the injury, the treatment she has received and the treatment she will need." ECF No. 145. This is the normal testimony of a physician treating a plaintiff for physical injuries.

Now, on June 13, on the eve of trial, plaintiff's newly retained counsel Andrew Maloney, Esq. (Attorney Walter also previously retained an additional attorney, Susan K. Plonski, Esq.) moved by way of order to show cause (for an adjournment of the June 18 trial), due to continued issues with Dr. Whipple's testimony and his alleged availability. Attorney Maloney's affirmation states that on June 12, Dr. Whipple met with plaintiff and disclosed to her for the first time that he will not be available to testify during the trial based upon his vacation schedule. No affidavit from Wilkinson or Attorney Walter stating his efforts to assure Dr. Whipple's availability the week of June 18 has been submitted. Further, no evidence has been submitted as to when Dr. Whipple's vacation would be over and he would be available to testify at trial. Plaintiff may still testify regarding her physical injuries as a result of the alleged excessive physical force. Certified copies of her medical records can

also be received. Plaintiff will be little prejudiced by the absence of Dr. Whipple, in fact, due to the alleged conflicts she may benefit by his absence. Further, the proposed non-treating expert testimony might not even be admissible.

      To reiterate, the June 18 trial date has been set since February 6 (over four months ago). The Court has been accommodating with the parties' needs. Plaintiff's attorney has not issued a subpoena to require Dr. Whipple's presence at trial. There is no just cause to adjourn the trial on this late date due to issues that Attorney Walter could or should have discovered sooner or made alternate arrangements. All parties have presumably been preparing for trial and the four parties and numerous witnesses have made themselves available based on the June 18 start date. A pool of jurors has been summoned and court personnel and security have made the appropriate arrangements to prepare for this civil jury trial. There is no reason to now disrupt these plans.

      Therefore, it is

      ORDERED that

      Plaintiff's motion to adjourn the trial is DENIED.

      IT IS SO ORDERED.

_____
United States District Judge

Dated: June 15, 2018
      Utica, New York.