UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

ANDREA MITCHELL WILKINSON,

                    Plaintiff,

   -v-                                     1:15-cv-1395

JIMM LEWIS, Albany Police Officer, in his Official
and Individual Capacity; JOSEPH LYNCH, Albany
Police Officer, in his Official and Individual
Capacity; and ANTHONY GERACI, Lieutenant, in
his Official and Individual Capacity,

                      Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

| APPEARANCES: | OF COUNSEL: |
|---|---|
| MALONEY LAW GROUP PLLC<br>Attorney for Plaintiff<br>110 East 59th Street, Ste 3200<br>New York, NY 10022 | ANDREW G. MALONEY, ESQ. |
| OFFICE OF LANNY E. WALTER<br>Attorney for Plaintiff<br>301 Van Vlierden Road<br>Saugerties, NY 12477 | LANNY E. WALTER, ESQ. |
| OFFICE OF SUSAN K. PLONSKI<br>Attorney for Plaintiff<br>33 Perrines Bridge Road<br>Tillson, NY 12486 | SUSAN K. PLONSKI, ESQ. |
| THE REHFUSS LAW FIRM, P.C.<br>Attorneys for Defendants<br>40 British American Boulevard<br>Latham, NY 12110 | STEPHEN J. REHFUSS, ESQ.<br>ABIGAIL W. REHFUSS, ESQ. |

DAVID N. HURD
United States District Judge

## **DECISION and ORDER**

Plaintiff Andrea Mitchell Wilkinson ("plaintiff" or "Wilkinson") filed this civil rights action seeking compensatory and punitive damages for injuries she sustained on November 25, 2012, when several police officers forcibly arrested her and later prosecuted her for three charges stemming from the incident.  Plaintiff's operative complaint asserts claims against three Albany Police Department officers:  Police Officer Jimm Lewis, Police Officer Joseph Lynch, and Lieutenant Anthony Geraci (collectively "defendants").  Wilkinson asserts 42 U.S.C. § 1983 claims for false arrest, malicious prosecution, and excessive force against defendants in their official and individual capacities.

Trial is scheduled for Monday, June 18, 2018, in Utica, New York.  Defendants have now filed a motion in limine seeking various pre-trial rulings.  To date, no opposition has been received.

Defendants move to exclude the following evidence:  (1) plaintiff's treating physician Dr. Whipple's medical records to the extent that the records form opinions about causation; (2) plaintiff's testimony about her state of mind at the time of her arrest; and (3) plaintiff's testimony about interactions with anyone from the Albany Police Department other than the named defendants.

First, with respect to Dr. Whipple's records as Wilkinson's treating physician, any arguments as to an alleged gap in time between the incident and Dr. Whipple's report noting causation go to the weight of the evidence, not to its admissibility.  Upon the laying of a proper foundation, Dr. Whipple's medical records relevant to plaintiff's injury at hand will be admissible. Defendants are free to cast doubt on Wilkinson's position that Dr. Whipple formed his opinions during the scope of his treatment as opposed to defendants' contention

that they were formed in anticipation of trial.  Defendants' request to preclude Dr. Whipple's medical records stemming from his treatment of plaintiff and her relevant injury will be denied.

Second, plaintiff's state of mind on the evening in question *is* relevant.  While the existence of probable cause is determined based on the information available to the officer at the time of arrest and based on the officer's state of mind, Wilkinson's state of mind is relevant to the extent that she believed the child was lacking basic necessities including clothing, shoes, and medication and that the child may be in danger *and* that she expressed this belief to law enforcement.  What she knew and believed (and shared) is relevant to what the arresting and charging officers knew at the time.  Accordingly, defendants' request to preclude plaintiff from testifying regarding her state of mind on this issue will be denied.

Finally, Wilkinson's testimony regarding her interactions with Albany Police Department Officers will be limited to the incident in question.  Allegations that unnamed officers harassed her on unrelated occasions are irrelevant to claims against these individual officers.  She has not asserted a claim pursuant to Monell v. Department of Social Services, 436 U.S. 658 (1978), and thus testimony regarding other incidents or officers will not be permitted.  Defendants' request to preclude plaintiff from offering this testimony will be granted.

Therefore, it is

ORDERED that

1.  Defendants' motion in limine (ECF No. 138) is GRANTED in part and DENIED in part; and

2.  Defendants' request to limit Dr. Richard Whipple's medical records regarding causation is DENIED; defendants' request to prohibit plaintiff's state of mind testimony is DENIED; and defendants' request to preclude testimony of unrelated incidents with non-party Albany Police Department Officers is GRANTED.

IT IS SO ORDERED.

_____
United States District Judge

Dated: June 15, 2018
       Utica, New York.